IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WAYNE ALVIN EVERHART                                                    PLAINTIFF

v.                                    Civil No. 4:19-cv-04090

SOUTHERN HEALTH PARTNERS, INC.;
And SEVIER COUNTY, ARKANSAS                                            DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 11) filed by Defendant Sevier County, Arkansas. Plaintiff filed a Response (ECF No. 14) and Defendant Sevier County filed a Reply. (ECF No. 15). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. BACKGROUND

The instant motion is based on the doctrine of *res judicata*. Defendant Sevier County argues Plaintiff's claims are barred because they were previously brought in *Everhart v. Gentry, et al,* Civil Case No. 4:17-cv-04113 and dismissed with prejudice. Accordingly, the Court will first discuss the issues and claims decided in the 2017 lawsuit.

### A. Plaintiff's 2017 Lawsuit

On December 7, 2017, Plaintiff filed a lawsuit *pro se* under 42 U.S.C. § 1983 in the Eastern District of Arkansas against the following Defendants: Sharon Flournoy, a nurse employed by Southern Health Partners, Inc. the third party medical provider for the Sevier County Detention Center ("SCDC"); Deputy Chris Walcott, the jail administrator for the SCDC; and Robert Gentry, the Sheriff of Sevier County. (ECF No. 2). The case was transferred to the Western District, Texarkana Division, on December 11, 2017. (ECF No. 4). Plaintiff claimed these Defendants

1

denied him medical care while he was incarcerated in the SCDC between August 20, 2017, and October 25, 2017, when they ignored his complaints of pain from his hernia and ulcers in his mouth and when his medications were "messed up" and improperly dispensed to him on three occasions. Plaintiff also claimed his constitutional rights were violated when Defendant Walcott refused to provide him with copies of his grievances. Plaintiff sued Defendants in their official and individual capacities and sought "compensation for pain and suffering, emotional distress and mental anguish". (ECF No. 2, p. 6).

On July 25, 2018, Nurse Flournoy filed a summary judgment motion and brief in support arguing she was not deliberately indifferent to Plaintiff's serious medical needs and "no policy or custom of Southern Health Partners, Inc. caused Plaintiff to suffer any unconstitutional harm." (ECF No. 33, 35, p. 7). Plaintiff filed a Response in opposition to the motion on August 15, 2018. (ECF No. 41). On September 11, 2018, Robert Gentry and Chris Walcott filed a summary judgment motion and brief in support arguing in relevant part they were not deliberately indifferent to Plaintiff's medical needs and there was no basis for official capacity liability against their employer Sevier County. (ECF No. 42). On October 2, 2018, Plaintiff filed a Response in opposition to Gentry and Walcott's motion. (ECF No. 46).

On December 20, 2018, the Court issued a Memorandum Opinion and Order granting in part and denying in part Defendants' motions for summary judgment. (ECF No. 47). Specifically, the Court found Southern Health Partners, Inc. was under contract with the SCDC to provide healthcare services to inmates housed at the SCDC and Nurse Sharon Flournoy was an employee of Southern Health Partners, Inc. According to the affidavit of Nurse Sharon Flournoy, there was no policy of Southern Health Partners, Inc. that prohibited treatment of Plaintiff for his medical conditions. (ECF. 35-1, p. 3). Plaintiff did not dispute this. In addition, the Court discussed in

2

detail the policies of the SCDC regarding medical care for all inmates housed in the facility and found the summary judgment record demonstrated Sevier County and Southern Health Partners, Inc. had policies in place to provide adequate medical care to Plaintiff and other inmates at the Sevier County Jail in 2017. *Id.*

The Court dismissed with prejudice all official capacity claims against Defendants Gentry, Walcott and Flournoy finding Plaintiff failed to produce evidence of any policy or custom of Sevier County or Southern Health Partners, Inc. which contributed to the alleged violation of Plaintiff's constitutional rights. *Id.* at p. 19. However, the Court denied summary judgment on Plaintiff's individual capacity claims against Nurse Flournoy and Chris Walcott for denial of medical care based on Plaintiff's complaints of pain. (ECF No. 67). The 2017 lawsuit is currently set for a jury trial on March 30, 2020. (ECF No. 69).

**B. Plaintiff's 2019 Lawsuit**

Plaintiff filed the instant case *pro se* pursuant to 42 U.S.C. § 1983 on August 14, 2019. (ECF No. 1). In response to this Court's order, Plaintiff filed an Amended Complaint on September 5, 2019. (ECF No. 5). Plaintiff is asserting claims against Defendants Sevier County and Southern Health Partners, Inc. for denial of medical care based on inadequate polices, failure to abide by the policies in place, and failure to train their employees. (ECF No. 5).

In his first claim Plaintiff states Defendant Sevier County and Southern Health Partners, Inc. were "deliberately indifferent/conflicting medical policies and procedures" between August 26, 2017, through October 25, 2017, "even when constituted a medical emergency on several different occasions, one of which I was taken to emergency room…". (ECF No. 5, p. 4). Plaintiff states the SCDC's and Southern Health Partners Inc.'s "medical (emergency) policies and procedures are in direct conflict with one another …for instance SCDC states all staff trained to

handle medical emergencies/to handled immediately, then states all medical is to be handled by SHP Inc.'s reference jail policies for further/more specific instructions…" *Id.* at p. 5.

In Claim Two, Plaintiff alleges between August 26, 2017 and October 25, 2017, Southern Health Partners Inc.'s "continuous operation while chronically understaffed, resulting in denial of medical care even when constituted a medical emergency, falsifying/forged document/medical records, operation outside scopes of practice from personel…" (ECF No. 5, p. 5). Plaintiff goes on to state Southern Health Partners Inc.'s website states "specifically to provide a higher than standard quality of medical care and that they reduce risk & impact of negative events involving inmate medical are through training, processes and supervision yet failed to meet the genuine medical needs of myself…due to understaffing …" *Id.* at p. 6.

In Claim Three, Plaintiff alleges Defendants Sevier County and Southern Health Partners Inc. failed to properly "train, supervise/evaluate its staff/medical personel to ensure all applicable standards are met & adequate medical care provided". Plaintiff claims Defendants "allowed its personal to deny/delay medical care leaving me subject to further injury, unnecessary & or wanton pain & suffering mental/emotional distress." (ECF No. 5, p. 6).

Plaintiff describes Claim Four as "failure to meet an/all applicable standards set by the State (Jail Standards), NCCHC, ACA, Dept. of Justice, as well as any others pertaining to Correctional Health Care." (ECF No. 5, p. 8). Plaintiff claims the "SCDC state that written Grievance forms are obtainable through facility staff, yet these forms have been replaced by kios system." *Id.* He goes on to repeat his claims of deliberate indifference to his medical needs, conflicting medical polices and procedures, and failure to properly train or supervise staff members. Plaintiff again references Southern Health Partners Inc.'s website and claims they fail to meet their own standards "such as sick calls being responded to in excess of 7 days after

submitted…" *Id.*  He states "inmate grievances being answered by personel involved in complaint, and the operating outside scope of practice by personel while chronically understaffed…" *Id.* at p. 9.

Plaintiff is suing Defendants Sevier County and Southern Health Partners Inc. in their individual and official capacities.  He is seeking compensatory and punitive damages and requests "Defendants be required to make necessary changes to its current medical polices and procedures." (ECF No. 5, p. 7).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

The doctrine of *res judicata*, or claim preclusion, bars claims when "(1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases."  *De Llano v. Berglund,* 183 F.3d 780, 781 (8th Cir. 1999).  For purposes of *res judicata* a final judgment on the merits of an action precludes the parties from relitigating issues that were –

or could have been – raised in that action. *Knutson v. City of Fargo,* 600 F.3d 992, 996 (8th Cir. 2010). "Furthermore, the party against whom *res judicata* is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is being given preclusive effect." *In re Anderberg-Lund Printing Co. v. Anderberg-Lund printing Co.,* 109 F.3d 1343, 1346 (8th Cir. 1997).

The claims and parties in each suit need not be identical. Rather, courts must determine "whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Murphy v. Jones,* 877 F.2d 682, 684-685 (8th Cir. 1989). The discovery of additional information relating to the same nucleus of facts or events does not preclude application of *res judicata*. "The doctrine of *res judicata* would become meaningless if a party could relitigate the same issue … by merely positing a few additional facts that occurred after the initial suit." *Misischia v. St. John's Mercy Health Systems,* 457 F.3d 800, 805 (8th Cir. 2006) (citing *Dubuc v. Green Oak Township.,* 312 F.3d 736, 751 (6th Cir. 2002)). "[I]n the final analysis[,] the test would seem to be whether the wrong for which redress is sought is the same in both actions." *Daley v. Marriot Int'l Inc.,* 415 F.3d 889, 896 (8th Cir. 2005) (citation omitted).

Similarly, the addition of different legal theories will not allow a party to avoid *res judicata*. Where they arise from the same set of facts, "[t[he legal theories of … the two [different] claims are relatively insignificant because a litigant cannot attempt to relitigate the same claims under a different theory of legal recovery." *U.S. v. Gurley,* 43 F.3d 1188, 1195 (8th Cir. 1994) (citation omitted). In addition, pursuant to the related doctrine of issue preclusion (previously known as collateral estoppel), a party is estopped from revisiting not only claims, but also issues, that were determined in an earlier action. *Knutson,* 600 F.3d at 996. "'[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a

suit on a different cause of action involving a party to the first case.'"  *Id.* (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)).

### III. DISCUSSION

Defendant Sevier County argues Plaintiff's claims against it are barred by the doctrine of *res judicata* because this Court previously found there was no custom or policy of Sevier County – or Southern Health Partners Inc. – which contributed to a violation of Plaintiff's constitutional rights based on his claims for denial of adequate medical care in 2017.

**A. Individual Capacity Claims**

The Court will first address *sua sponte* Plaintiff's attempt to bring individual capacity claims against these Defendants.  Under § 1983, public employees may be sued officially, individually or both.  *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999).  However, a § 1983 suit against an employee in their official capacity is deemed to be a suit against the employer only.  *Id.*  Just as "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employment governmental entity," when a government contracts with a third-party to fulfill a constitutional duty, such as providing medical care, official capacity claims against the third-party's employees are treated as claims against the third-party itself.  *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010); s*ee also Cannady v. Cradduck,* 2016 WL 4432704, at *1 - *2 (W.D. Ark. Aug. 18, 2016) (finding that official capacity claims against employees of Southern Health Partners Inc. are treated as claims against it because "Benton County has contracted with them to provide healthcare to County prisoners").

In *Monell v. Department of Social Services,* 36 U.S. 658 (1978), the Supreme Court determined municipalities and other local governmental entities could be sued under § 1983, but only for the entities' unconstitutional or illegal policies.  To sustain an official capacity claim

against such entities a plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006) (involving § 1983 claims against a prison medical provider); *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975-976 (8th Cir. 1993) ("[A] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies.").

Accordingly, Plaintiff's attempt to bring individual capacity claims against Defendants Sevier County and Southern Health Partners Inc. fails as a matter of law because they are a municipality and a corporation and can only be sued for their unconstitutional policies or customs in their official capacity. Therefore, I recommend Plaintiff's individual capacity claims against Defendants Sevier County and Southern Health Partners Inc. be dismissed with prejudice.

**B. Official Capacity Claims**

First, a comparison of Plaintiff's complaints in the 2017 and the instant lawsuit confirm Plaintiff is seeking damages for what he claims was a denial of adequate medical care between August and October of 2017 while he was detained in the SCDC. Although Plaintiff has stated new theories of recovery in the instant 2019 lawsuit – failure to train and understaffing - these claims still arise from the same nucleus of operative facts in the 2017 lawsuit. Second, the record is clear Plaintiff sued employees of both Defendant Sevier County (Robert Gentry and Chris Walcott) and Southern Health Partners Inc. (Nurse Flournoy) in their official capacities which were claims against Defendants based on their policies and customs. Therefore, the same parties are involved in Plaintiff's 2017 lawsuit and the instant lawsuit. Finally, the official capacity claims against Sevier County and Southern Health Partners Inc. were dismissed with prejudice on December 20, 2018, after discovery was conducted and motions for summary judgment were filed

in the 2017 lawsuit.  There is no doubt Plaintiff had a fair opportunity to fully litigate his claims in the 2017 lawsuit.

Applying the principles set forth above, the Court concludes the official capacity claims asserted by Plaintiff against Defendants Sevier County and Southern Health Partners Inc. are barred by the doctrine of *res judicata*.  Accordingly, I recommend Plaintiff's official capacity claims against Defendants Sevier County and Southern Health Partners Inc. be dismissed with prejudice.[1]

### IV. CONCLUSION

For the foregoing reasons, I recommend Defendant Sevier County's Motion to Dismiss (ECF No. 11) be **GRANTED** and Plaintiff's Amended Complaint against Defendants Sevier County and Southern Health Partners Inc. in both their individual and official capacities be **DISMISSED WITH PREJUDICE**.  **In addition, I recommend the dismissal of this action be counted as a strike for purposes of 28 U.S.C. § 1915(g).**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 2nd day of December 2019.**

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1]Although Defendant Southern Health Partners Inc. has not filed a motion to dismiss, it is well-settled a court may dismiss a case *sua sponte* based on the doctrine of *res judicata* even when a defendant does not specifically raise the defense.  *See Arizona v. California,* 530 U.S. 392, 412 (2000) supplemented 531 U.S. 1 (2000).